UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALEXANDER ROY GIFFORD**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES GOVERNMENT**, <br><br> Defendant. | 1:20-CV-11899-TGB-PTM <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE** |

This matter is before the Court on review of the complaint and Plaintiff's application to proceed in forma pauperis. ECF Nos. 1, 2.

Plaintiff Alexander Roy Gifford brings a tort claim against the U.S. government in which he alleges the government proceeded with "wanton disregard" in its "military engagement in the Middle East" which "has accelerated the decline of the wellness of the planet." ECF No. 1, PageID.6-7. Plaintiff requests punitive damages in the amount of two million dollars. ECF No. 1, PageID.9.

As an initial matter, the Court grants Plaintiff's application to proceed in forma pauperis. Under 28 U.S.C. § 1915(a)(a), courts may waive the prepayment of fees if a party demonstrates that they are

1

"unable to pay such fees." Here, Plaintiff avers that he is unable to pay filings fees because he is not employed, does not receive any income, and has limited cash and assets. ECF No. 2, PageID.12. The Court finds Plaintiff's application to proceed in forma pauperis to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees.

Next, the Court dismisses Plaintiff's complaint because the action is frivolous. Once a court grants a plaintiff permission to proceed in forma pauperis, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court should dismiss the case if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Sixth Circuit has described claims which lack an arguable basis in law as those based on an "indisputably meritless legal theory" and complaints which lack an arguable basis in fact as those containing allegations "describing fantastic or delusional scenarios." *Id.* at 327.

The allegations outlined in Plaintiff's complaint are so vague that they are frivolous. In his complaint, Plaintiff alleges that the negligence and deceit of the U.S. government has resulted in "a global problem that is costing trillions," but he does not identify with any precision what the global problem is. The gist of the handwritten complaint is that the federal government's "military engagement in the Middle East has accelerated the decline of the wellness of the planet," characterized as "negligence," and its "misrepresentation of weapons of mass destruction" has led to "war" and has harmed the "health of the planet"(characterized as "deceit").

But the Complaint provides no specific facts in support of any cognizable claim. Other than referencing military engagement in the Middle East, there are no factual allegations of specific conduct by any federal officials.  Nor is there any explanation of a causal link between such military engagement and a "decline in the wellness of the planet." Nor does the Complaint provide any federal statutory basis for a general claim of "negligence" or "deceit" that may be brought against the government.  Though Plaintiff broadly refers to the "United States government" as the defendant, the complete lack of factual information

in the Complaint makes it impossible for the defendant to understand the basis of the claims brought against it. In sum, the dearth of facts—as well as the non-cognizable nature of the legal claims—makes the allegations contained therein frivolous within the meaning of 28 U.S.C. § 1915(e).

Accordingly, the Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**. It is further ordered that the Plaintiff's complaint is **DISMISSED**.

**SO ORDERED**.

Dated: November 30, 2020       s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE